COPY

2017 FEB 15 PM 12: 24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIAN MIN WU, <br> aka "Bob Wu," <br> aka "David Wu," <br> aka "Graham Sones," <br> aka "Edward Wang," <br><br> Defendant. | CR No. 17-00081 <br><br> **I N D I C T M E N T** <br><br> [22 U.S.C. §§ 2778(b)(2), (c); 22 C.F.R. §§ 121.1, 123.1, 127(a), (e): Arms Export Control Act; 50 U.S.C. §§ 1705(a), (c); 15 C.F.R. Parts 730-74: International Emergency Economic Powers Act; 18 U.S.C. § 554: Smuggling Goods Out of the United States; 18 U.S.C. § 1956(a)(2)(A): Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 2(b): Causing an Act to be Done; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c): Forfeiture; 18 U.S.C. § 982: Forfeiture] |

The Grand Jury charges:

A. DEFENDANT AND COMMODITIES

At all times relevant to this Indictment:

1. Defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU") was located in the People's Republic of China ("PRC") and involved in the import and export business. Between on or about June 2013 through on or about

February 10, 2017, defendant WU communicated with undercover law enforcement agents located in Los Angeles County and elsewhere. Defendant WU communicated with the undercover law enforcement agents in person and by telephone, email, and other means for the purpose of purchasing and illegally exporting from the United States defense articles and items subject to the Commerce Control List ("CCL") without an export license.

  2. U.S. Company #1 was a communications and signals intelligence company, providing data collection, analysis, and decoding services and products. U.S. Company #1 manufactured and sold a decoder (the "Decoder"). The Decoder was used for military communication signals collection, analysis, classification, and decoding.

  3. U.S. Company #2 was a provider of satellite broadband and wireless services, infrastructure, and technology. U.S. Company #2 manufactured and sold a satellite modem (the "Modem") that could be used for strategic military communications.

B. <u>LAWS RESTRICTING THE EXPORT OF DEFENSE ARTICLES</u>

  4. The Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"), authorized the President of the United States to control the export of defense articles by designating those items which shall be considered as defense articles and by promulgating regulations for the import and export of such articles.

  5. The AECA and its attendant regulations, the International Traffic in Arms Regulation, Title 22, Code of Federal Regulations, Parts 120-130 ("ITAR"), required a person to apply for and obtain and export license from the Directorate of Defense Trade Controls of the

Department of State ("DDTC") before exporting defense articles from the United States.

6. Defense articles that were subject to such licensing requirements were designated on the United States Munitions List ("USML"). Those designations were made by the United States Department of State with the concurrence of the United States Department of Defense.

7. Category XI of the USML includes military electronics and software specifically designed for intelligence purposes.

8. The Decoder was a defense article as defined by Category XI of the USML. Prior to export from the United States, WU was required to obtain an export license from the DDTC. At no time did WU apply for, receive, or possess a license to export the Decoder from the United States.

C. LAWS RESTRICTING THE EXPORT OF DUAL-USE TECHNOLOGY

9. The International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701-1707 ("IEEPA"), authorized the President of the United States to deal with unusual and extraordinary threats to the national security, foreign policy, or economy of the United States.

10. The Export Administration Regulations, Title 15, Code of Federal Regulations, Parts 730-774 (the "EAR"), were promulgated under the authority of IEEPA by the Department of Commerce and remained in effect.

11. The EAR regulated the export of "dual-use" items, which are items that have both a commercial application and a military or strategic use. 15 C.F.R. § 730.3. The EAR limited the export of goods and technology that could enhance the military or nuclear

3

proliferation of other nations and that could be detrimental to the foreign policy or national security of the United States.

12. The EAR prohibited the export of certain goods and commodities to specific countries, absent permission in the form of an export license issued by the Department of Commerce. The EAR set forth a list of items subject to export restrictions known as the Commerce Control List ("CCL") that categorized goods controlled for export by Export Control Classification Number ("ECCN").

13. The Modem was a dual-use commercial good controlled by the CCL under ECCN 5A002.A1 for anti-terrorism and national security reasons. Where the end user of the Modem was the government of the PRC, an export license issued by the Department of Commerce was required before the Modem could lawfully be exported from the United States. At no time did WU apply for, receive, or possess a license to export the Modem from the United States.

COUNT ONE

[22 U.S.C. §§ 2778(b)(2), (c);

22 C.F.R. §§ 121.1, 123.1, 127.1(a), (e);

18 U.S.C. §§ 2(a), (b)]

The factual allegation in paragraphs 1 through 8 are incorporated by reference and are re-alleged as though fully set forth therein.

On or about March 1, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang," knowingly and willfully solicited the export of, attempted to export, caused others to export, and counseled, demanded, and induced the export from the United States of a Decoder, a defense article as defined in Category XI of the USML, without first having obtained a license or authorization from the DDTC to do so.

## COUNT TWO

[50 U.S.C. §§ 1705(a), (c);

15 C.F.R. §§ 736.2 and 764.2, and Parts 738 and 774;

18 U.S.C. §§ 2(a), (b)]

The factual allegations in paragraphs 1 through 3 and paragraphs 9 through 13 are incorporated by reference and are re-alleged as though fully set forth therein.

On or about February 9, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang," knowingly and willfully solicited the export of, attempted to export, caused others to export, and counseled, demanded, and induced the export from the United States to the PRC, intending to deliver it to the government of the PRC, of the Modem, a commercial good controlled by the CCL under ECCN 5A002.A1, without first having obtained a license or authorization from the Department of Commerce to do so.

COUNTS THREE AND FOUR

[18 U.S.C. § 554; 18 U.S.C. §§ 2(a), (b)]

The factual allegation in paragraphs 1 through 13 are incorporated by reference and are re-alleged as though fully set forth therein.

On or about March 1, 2014 through on or about February 9, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU"), knowingly and fraudulently did, and attempted to, and willfully caused others to, receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of merchandise, articles, and objects, and aided, abetted, counseled, commanded, induced, and procured others to do the same, all prior to the exportation of the merchandise, articles, and objects, and all the while knowing that the merchandise, articles, and objects were intended for the exportation contrary to a law and regulation of the United States.

Specifically, defendant WU did and attempted to buy and arrange for shipment of the following, and did and aided and abetted, counseled, commanded, induced, and procured others to do so, all the while believing that these items would be exported from the United States contrary to the law and regulations of the United States because defendant WU had not applied for or obtained the necessary export license for each such item:

| COUNT | DATE | COMMODITY | VIOLATION |
|---|---|---|---|
| THREE | March 1, 2014 | Decoder | AECA |
| FOUR | February 9, 2017 | Modem | EAR |

## COUNTS FIVE AND SIX

## [18 U.S.C. § 1956(a)(2)(A)]

On or about March 1, 2014 through on or about November 14, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU"), transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds to a bank in the Central District of California from and through a place outside the United States, namely the PRC, with the intent to promote the carrying on of a specified unlawful activity, to wit: violating the Arms Export Control Act, Title 22, United States Code, Section 2778 and Title 22, Code of Federal Regulations, Sections 120-130; violating the International Emergency Economic Powers Act, Title 50, United States Code, Sections 1701-1707, and Title 15, Code of Federal Regulations, Parts 730-774; and unlawful smuggling in violation of Title 18, United States Code, Section 554.

Counts Five and Six were two transactions involving funds and monetary instruments. Specifically, the transactions were payments by WU to an undercover law enforcement agent for the purpose of purchasing, smuggling, and illegally exporting export-controlled items without first obtaining the required licenses to do so.

| COUNT | DATE | AMOUNT | COMMODITY | VIOLATION |
|---|---|---|---|---|
| FIVE | March 1, 2014 | $15,200 | Decoder | AECA |
| SIX | November 14, 2016 | $11,980 | Modem | EAR |

8

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); 22 U.S.C. § 401]

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 22, United States Code, Section 401, and Rule 32.2(a), Fed. R. Crim. P., if the defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU") is convicted of any of the offenses set forth in Counts One, Three, or Four of this Indictment, he shall forfeit to the United States the following property:

    a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense charged in each such Count; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph a.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant WU shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

In the event defendant WU is convicted of the offense set forth in Count 1 of the Indictment, defendant WU shall also forfeit any arms or munitions of war or other articles exported or shipped in violation of law and any vessel, vehicle, or aircraft containing the same which has been used in exporting or attempting to export such arms or munitions of war or other articles. Additionally, defendant WU shall forfeit any commodity (other than arms or munitions of war) or technology which was intended to or was exported in violation of laws, and any vessel, vehicle, or aircraft containing the same or which has been used in exporting or attempting to export such articles.

## FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

Pursuant to Title 18, United States Code, Section 982 and Rule 32.2(a), Fed. R. Crim. P., if the defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang," is convicted of any of the offenses set forth in Counts Five and Six of this Indictment, he shall forfeit to the United States the following property:

    a. Any property, real or personal, involved in such offense, and any property traceable to such property; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph a.

Pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(2), defendant WU shall forfeit substitute property if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving

///

rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve-month period.

A TRUE BILL

/S/
Foreperson

EILEEN M. DECKER
United States Attorney

CHRISTOPHER D. GRIGG
[signature] for PRF

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

MARK TAKLA
Assistant United States Attorney
Terrorism and Export Crimes Section