COPY

2017 FEB 15 PM 12: 24

BY \_\_\_\_\_

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 17-00081 |
| Plaintiff, | I N D I C T M E N T |
| v. | [22 U.S.C. §§ 2778(b)(2), (c); 22 C.F.R. §§ 121.1, 123.1, 127(a), (e): Arms Export Control Act; 50 U.S.C. §§ 1705(a), (c); 15 C.F.R. Parts 730-74: International Emergency Economic Powers Act; 18 U.S.C. § 554: Smuggling Goods Out of the United States; 18 U.S.C. § 1956(a)(2)(A): Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 2(b): Causing an Act to be Done; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c): Forfeiture; 18 U.S.C. § 982: Forfeiture] |
| TIAN MIN WU, aka "Bob Wu," aka "David Wu," aka "Graham Sones," aka "Edward Wang," | |
| Defendant. | |

The Grand Jury charges:

A.   DEFENDANT AND COMMODITIES

At all times relevant to this Indictment:

1.   Defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU") was located in the People's Republic of China ("PRC") and involved in the import and export business.  Between on or about June 2013 through on or about

1   February 10, 2017, defendant WU communicated with undercover law

2   enforcement agents located in Los Angeles County and elsewhere.

3   Defendant WU communicated with the undercover law enforcement agents

4   in person and by telephone, email, and other means for the purpose of

5   purchasing and illegally exporting from the United States defense

6   articles and items subject to the Commerce Control List ("CCL")

7   without an export license.

8       2.   U.S. Company #1 was a communications and signals

9   intelligence company, providing data collection, analysis, and

10  decoding services and products.   U.S. Company #1 manufactured and

11  sold a decoder (the "Decoder").   The Decoder was used for military

12  communication signals collection, analysis, classification, and

13  decoding.

14      3.   U.S. Company #2 was a provider of satellite broadband and

15  wireless services, infrastructure, and technology.   U.S. Company #2

16  manufactured and sold a satellite modem (the "Modem") that could be

17  used for strategic military communications.

18  B.   LAWS RESTRICTING THE EXPORT OF DEFENSE ARTICLES

19      4.   The Arms Export Control Act, Title 22, United States Code,

20  Section 2778 ("AECA"), authorized the President of the United States

21  to control the export of defense articles by designating those items

22  which shall be considered as defense articles and by promulgating

23  regulations for the import and export of such articles.

24      5.   The AECA and its attendant regulations, the International

25  Traffic in Arms Regulation, Title 22, Code of Federal Regulations,

26  Parts 120-130 ("ITAR"), required a person to apply for and obtain and

27  export license from the Directorate of Defense Trade Controls of the

28

2

1  Department of State ("DDTC") before exporting defense articles from

2  the United States.

3       6.    Defense articles that were subject to such licensing

4  requirements were designated on the United States Munitions List

5  ("USML").  Those designations were made by the United States

6  Department of State with the concurrence of the United States

7  Department of Defense.

8       7.    Category XI of the USML includes military electronics and

9  software specifically designed for intelligence purposes.

10      8.    The Decoder was a defense article as defined by Category XI

11  of the USML.  Prior to export from the United States, WU was required

12  to obtain an export license from the DDTC.  At no time did WU apply

13  for, receive, or possess a license to export the Decoder from the

14  United States.

15  C.    LAWS RESTRICTING THE EXPORT OF DUAL-USE TECHNOLOGY

16      9.    The International Emergency Economic Powers Act, Title 50,

17  United States Code, Sections 1701-1707 ("IEEPA"), authorized the

18  President of the United States to deal with unusual and extraordinary

19  threats to the national security, foreign policy, or economy of the

20  United States.

21      10.   The Export Administration Regulations, Title 15, Code of

22  Federal Regulations, Parts 730-774 (the "EAR"), were promulgated

23  under the authority of IEEPA by the Department of Commerce and

24  remained in effect.

25      11.   The EAR regulated the export of "dual-use" items, which are

26  items that have both a commercial application and a military or

27  strategic use.  15 C.F.R. § 730.3.  The EAR limited the export of

28  goods and technology that could enhance the military or nuclear

3

1  proliferation of other nations and that could be detrimental to the

2  foreign policy or national security of the United States.

3       12.   The EAR prohibited the export of certain goods and

4  commodities to specific countries, absent permission in the form of

5  an export license issued by the Department of Commerce.   The EAR set

6  forth a list of items subject to export restrictions known as the

7  Commerce Control List ("CCL") that categorized goods controlled for

8  export by Export Control Classification Number ("ECCN").

9       13.   The Modem was a dual-use commercial good controlled by the

10  CCL under ECCN 5A002.A1 for anti-terrorism and national security

11  reasons.   Where the end user of the Modem was the government of the

12  PRC, an export license issued by the Department of Commerce was

13  required before the Modem could lawfully be exported from the United

14  States.   At no time did WU apply for, receive, or possess a license

15  to export the Modem from the United States.

16

17

18

19

20

21

22

23

24

25

26

27

28

1
COUNT ONE

2
[22 U.S.C. §§ 2778(b)(2), (c);

3
22 C.F.R. §§ 121.1, 123.1, 127.1(a), (e);

4
18 U.S.C. §§ 2(a), (b)]

5   The factual allegation in paragraphs 1 through 8 are

6   incorporated by reference and are re-alleged as though fully set

7   forth therein.

8   On or about March 1, 2014, in Los Angeles County, within the

9   Central District of California, and elsewhere, defendant TIAN MIN WU

10   also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka

11   "Edward Wang," knowingly and willfully solicited the export of,

12   attempted to export, caused others to export, and counseled,

13   demanded, and induced the export from the United States of a Decoder,

14   a defense article as defined in Category XI of the USML, without

15   first having obtained a license or authorization from the DDTC to do

16   so.

17

18

19

20

21

22

23

24

25

26

27

28

5

1                              COUNT TWO

2                    [50 U.S.C. §§ 1705(a), (c);

3           15 C.F.R. §§ 736.2 and 764.2, and Parts 738 and 774;

4                        18 U.S.C. §§ 2(a), (b)]

5        The factual allegations in paragraphs 1 through 3 and paragraphs

6   9 through 13 are incorporated by reference and are re-alleged as

7   though fully set forth therein.

8        On or about February 9, 2017, in Los Angeles County, within the

9   Central District of California, and elsewhere, defendant TIAN MIN WU

10  also known as ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka

11  "Edward Wang," knowingly and willfully solicited the export of,

12  attempted to export, caused others to export, and counseled,

13  demanded, and induced the export from the United States to the PRC,

14  intending to deliver it to the government of the PRC, of the Modem, a

15  commercial good controlled by the CCL under ECCN 5A002.A1, without

16  first having obtained a license or authorization from the Department

17  of Commerce to do so.

18

19

20

21

22

23

24

25

26

27

28

1          COUNTS THREE AND FOUR

2        [18 U.S.C. § 554; 18 U.S.C. §§ 2(a), (b)]

3        The factual allegation in paragraphs 1 through 13 are

4   incorporated by reference and are re-alleged as though fully set

5   forth therein.

6        On or about March 1, 2014 through on or about February 9, 2017,

7   in Los Angeles County, within the Central District of California, and

8   elsewhere, defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka

9   "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU"), knowingly and

10  fraudulently did, and attempted to, and willfully caused others to,

11  receive, conceal, buy, sell, and facilitate the transportation,

12  concealment, and sale of merchandise, articles, and objects, and

13  aided, abetted, counseled, commanded, induced, and procured others to

14  do the same, all prior to the exportation of the merchandise,

15  articles, and objects, and all the while knowing that the

16  merchandise, articles, and objects were intended for the exportation

17  contrary to a law and regulation of the United States.

18       Specifically, defendant WU did and attempted to buy and arrange

19  for shipment of the following, and did and aided and abetted,

20  counseled, commanded, induced, and procured others to do so, all the

21  while believing that these items would be exported from the United

22  States contrary to the law and regulations of the United States

23  because defendant WU had not applied for or obtained the necessary

24  export license for each such item:

25
| COUNT | DATE | COMMODITY | VIOLATION |
|-------|------|-----------|-----------|
26 | THREE | March 1, 2014 | Decoder | AECA |
27 | FOUR | February 9, 2017 | Modem | EAR |

28

7

1

COUNTS FIVE AND SIX

2

[18 U.S.C. § 1956(a)(2)(A)]

3    On or about March 1, 2014 through on or about November 14, 2016,

4  in Los Angeles County, within the Central District of California, and

5  elsewhere, defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka

6  "David Wu" aka "Graham Sones" aka "Edward Wang" ("WU"), transported,

7  transmitted, and transferred, and attempted to transport, transmit,

8  and transfer, a monetary instrument and funds to a bank in the

9  Central District of California from and through a place outside the

10  United States, namely the PRC, with the intent to promote the

11  carrying on of a specified unlawful activity, to wit: violating the

12  Arms Export Control Act, Title 22, United States Code, Section 2778

13  and Title 22, Code of Federal Regulations, Sections 120-130;

14  violating the International Emergency Economic Powers Act, Title 50,

15  United States Code, Sections 1701-1707, and Title 15, Code of Federal

16  Regulations, Parts 730-774; and unlawful smuggling in violation of

17  Title 18, United States Code, Section 554.

18    Counts Five and Six were two transactions involving funds and

19  monetary instruments.  Specifically, the transactions were payments

20  by WU to an undercover law enforcement agent for the purpose of

21  purchasing, smuggling, and illegally exporting export-controlled

22  items without first obtaining the required licenses to do so.

23

| COUNT | DATE | AMOUNT | COMMODITY | VIOLATION |
|-------|------|--------|-----------|-----------|
| FIVE | March 1, 2014 | $15,200 | Decoder | AECA |
| SIX | November 14, 2016 | $11,980 | Modem | EAR |

26

27

28

8

1          FORFEITURE ALLEGATION ONE

2      [18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); 22 U.S.C. § 401]

3          Pursuant to Title 18, United States Code, Section 981(a)(1)(C),

4    Title 28, United States Code, Section 2461(c), Title 22, United

5    States Code, Section 401, and Rule 32.2(a), Fed. R. Crim. P., if the

6    defendant TIAN MIN WU also known as ("aka") "Bob Wu" aka "David Wu"

7    aka "Graham Sones" aka "Edward Wang" ("WU") is convicted of any of

8    the offenses set forth in Counts One, Three, or Four of this

9    Indictment, he shall forfeit to the United States the following

10   property:

11          a.    All right, title and interest in any and all property,

12   real or personal, constituting, or derived from, any proceeds

13   obtained, directly or indirectly, as a result of any offense charged

14   in each such Count; and

15          b.    To the extent such property is not available for

16   forfeiture, a sum of money equal to the total value of the property

17   described in subparagraph a.

18          Pursuant to Title 21, United States Code, Section 853(p), as

19   incorporated by Title 28, United States Code, Section 2461(c),

20   defendant WU shall forfeit substitute property, up to the total value

21   of the property described in the preceding paragraph if, as the

22   result of any act or omission of the defendant, the property

23   described in the preceding paragraph, or any portion thereof (a)

24   cannot be located upon the exercise of due diligence; (b) has been

25   transferred, sold to or deposited with a third party; (c) has been

26   placed beyond the jurisdiction of the court; (d) has been

27   substantially diminished in value; or (e) has been commingled with

28   other property that cannot be divided without difficulty.

1    In the event defendant WU is convicted of the offense set forth

2  in Count 1 of the Indictment, defendant WU shall also forfeit any

3  arms or munitions of war or other articles exported or shipped in

4  violation of law and any vessel, vehicle, or aircraft containing the

5  same which has been used in exporting or attempting to export such

6  arms or munitions of war or other articles.  Additionally, defendant

7  WU shall forfeit any commodity (other than arms or munitions of war)

8  or technology which was intended to or was exported in violation of

9  laws, and any vessel, vehicle, or aircraft containing the same or

10  which has been used in exporting or attempting to export such

11  articles.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    FORFEITURE ALLEGATION TWO

2                         [18 U.S.C. § 982]

3        Pursuant to Title 18, United States Code, Section 982 and Rule

4    32.2(a), Fed. R. Crim. P., if the defendant TIAN MIN WU also known as

5    ("aka") "Bob Wu" aka "David Wu" aka "Graham Sones" aka "Edward Wang,"

6    is convicted of any of the offenses set forth in Counts Five and Six

7    of this Indictment, he shall forfeit to the United States the

8    following property:

9             a.   Any property, real or personal, involved in such

10   offense, and any property traceable to such property; and

11            b.   To the extent such property is not available for

12   forfeiture, a sum of money equal to the total value of the property

13   described in subparagraph a.

14       Pursuant to Title 21, United States Code, Section 853(p) and

15   Title 18, United States Code, Section 982(b)(2), defendant WU shall

16   forfeit substitute property if, as the result of any act or omission

17   of the defendant, the property described in the preceding paragraph,

18   or any portion thereof, (a) cannot be located upon the exercise of

19   due diligence; (b) has been transferred, sold to or deposited with a

20   third party; (c) has been placed beyond the jurisdiction of the

21   court; (d) has been substantially diminished in value; or (e) has

22   been commingled with other property that cannot be divided without

23   difficulty.  Substitution of assets shall not be ordered, however,

24   where defendant acted merely as an intermediary who handled but did

25   not retain the property in the course of the money laundering offense

26   unless the defendant, in committing the offense or offenses giving

27   ///

28

                                    11

1    rise to the forfeiture, conducted three or more separate transactions

2    involving a total of $100,000 or more in any twelve-month period.

3

4                                         A TRUE BILL

5

6                                    _____/S/_____

7                                    Foreperson

8    EILEEN M. DECKER
     United States Attorney
9
     CHRISTOPHER D. GRIGG
10   [signature] for PRF

11   PATRICK R. FITZGERALD
     Assistant United States Attorney
12   Chief, National Security Division

13   CHRISTOPHER D. GRIGG
     Assistant United States Attorney
14   Chief, Terrorism and Export Crimes Section

15   MARK TAKLA
     Assistant United States Attorney
16   Terrorism and Export Crimes Section

17

18

19

20

21

22

23

24

25

26

27

28

                                    13