TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
PAUL C. LeBLANC (Cal. Bar No. 319862)
MARK TAKLA (Cal. Bar No. 218111)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    8000 United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92701
    Telephone: (714) 338-3537/3591
    Facsimile: (714) 338-3708/3561
    Email:    paul.leblanc@usdoj.gov
             mark.takla@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00081-PSG |
|---|---|
| Plaintiff, | **GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY** |
| v. | **TRIAL DATE:** June 15, 2021 |
| TIAN MIN WU, | **STATUS:**    May 7, 2021 |
| Defendant. | |

    Plaintiff United States of America, by and through its attorneys of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Paul C. LeBlanc and Mark Takla, hereby moves the Court to compel defendant TIAN MIN WU ("defendant") to comply with his reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b) and promptly notify the government of any expert he proposes to testify at trial.

This motion is based on the attached Memorandum of Points and Authorities, the case files and records in this matter and such further evidence and argument as the Court may permit.

Dated: May 6, 2021                          Respectfully submitted,

                                        TRACY L. WILKISON
                                      Acting United States Attorney

                                      CHRISTOPHER D. GRIGG
                                      Assistant United States Attorney
                                      Chief, National Security Division

                                      /s/ *Paul C. LeBlanc*
                                      _____
                                      PAUL C. LeBLANC
                                      MARK TAKLA
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 30, 2019, TIAN MIN WU ("defendant") gave notice that he intends to raise an affirmative defense. (Cr. Dkt. 65.) Yet to date, notwithstanding the government's repeated requests, defendant has produced no reciprocal discovery whatsoever as required by Federal Rule of Criminal Procedure 16(b). Defendant has also not disclosed any expert witnesses Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) or Federal Rules of Evidence 602, 702, 703, and/or 705.

Given that trial is scheduled to begin on June 15, 2021, the government requests that the Court order defendant to promptly comply with his reciprocal discovery obligations under Rule 16 and notify the government of any experts he proposes to testify at trial. The Court should not permit defendant to continue to withhold discovery.

**II.   ARGUMENT**

Federal Rule of Criminal Procedure 16(b) provides that when a defendant has requested that the government produce discovery in accordance with Rule 16(a), and the government has complied, the defendant must provide reciprocal discovery to the government. Such reciprocal discovery must include, among other things, "books, papers, documents, data, photographs, tangible objects, buildings or places," or copies or portions thereof, if such items are within defendant's possession, custody or control, and if defendant intends to use such items during his case-in-chief, as well as information regarding expert witnesses and reports, examinations or tests. The Rule also requires a defendant to provide a "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or

705 of the Federal Rules of Evidence . . . [and] describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C).

The purpose of Rule 16(b) (defendant's disclosure) is to ensure that discovery is a "two way street." United States v. Stackpole, 811 F.2d 689, 697 (1st Cir. 1987); see also United States v. Bump, 605 F.2d 548, 551-52 (10th Cir. 1979) (requiring reciprocal disclosure despite defendant's objection that it would violate his constitutional rights).

A defendant's failure to comply with the requirements of Rule 16(b) provides grounds for excluding any evidence defendant has improperly failed to produce. In Taylor v. Illinois, 484 U.S. 400 (1988), the Supreme Court reaffirmed the importance of proper reciprocal discovery, and confirmed that exclusion is a proper remedy for defense discovery violations. As the Court explained:

> The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case.

Id. at 410-11.

Thus, the Court agreed with "the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." Id. at 411 (citation omitted). In the Court's view, "[t]he adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." Id. (citation omitted).

Accordingly, the Court held that it was proper to exclude witness testimony or other evidence that defendant withheld out of "a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence." Id. at 415.

The Ninth Circuit and other courts have adopted this view in excluding evidence as a sanction for defendants' failure to comply with reciprocal discovery obligations. See United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999) (affirming exclusion of evidence apparently withheld so that government would be unable to fully investigate); United States v. Nash, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (affirming district court's exclusion of testimony of expert due to defendant's failure to provide timely discovery regarding such expert); People of the Territory of Guam v. Palomo, 35 F.3d 368, 374 (9th Cir. 1994) (affirming exclusion of defense witness due to defendant's discovery violations); United States v. Aceves-Rosales, 832 F.2d 1155, 1156-57 (9th Cir. 1987) (affirming district court's decision to preclude defense evidence in part because it was not disclosed to the government in a timely manner; United States v. Goguen, 723 F.2d 1012, 1022 (1st Cir. 1983) (excluding expert testimony where defendant failed to produce materials until third day of trial); United States v. Weiss, 930 F.2d 185, 199 (2d Cir. 1991) (affirming district court's exclusion of evidence defendant had failed to produce as reciprocal discovery; permitting defendant to use documents prosecution had not seen would have given defense an unfair advantage); United States v. Young, 248 F.3d 260, 269-70 (4th Cir. 2001) (upholding exclusion under Rule 16 of audiotape evidence defendant did not produce in pretrial discovery where defendant

sought to introduce audiotape on cross-examination of government witness not for impeachment purposes, but as substantive "evidence in chief" that someone else committed the crime).

Here, defendant has requested discovery pursuant to Rule 16(a), and the government has complied. Indeed, the government began producing discovery on April 24, 2018 and continues to provide discovery to date. (See **Exhibit 1**, initial discovery letter provided to appointed counsel, **Exhibit 2**, initial discovery letter sent to retained counsel with all discovery previously submitted to appointed counsel.) **Exhibits 1 and 2** both request reciprocal discovery from defendant. Accordingly, defendant is required to comply with his discovery obligations in full, including through production or disclosure to the government of any items that he intends to introduce in his case-in-chief, as well as any proposed expert witnesses.

The government provided notice of its intent to call expert witnesses - and sought reciprocal notice from the defense - on June 28, 2019, and March 18, 2021. (See **Exhibits 3-4**.) In contrast, defendant has yet to provide the government with any notice of the expert witnesses he intends to introduce at trial.

Defendant's failure to provide expert notice in a timely manner, as required under the Rules, authorizes this Court to exclude defendant's expert testimony from any witness he may disclose at a late stage of the proceedings. See, e.g., United States v. Jasper, No. 00 CR. 825(PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 31, 2003) (noting "the objectives behind Rule 16's provision for reciprocal discovery obligations--i.e. 'to provide the opponent with a fair opportunity to test the merits of the expert's testimony through

4

focused cross-examination' and 'to permit more complete pretrial preparation'--in determining the nature of defendant's discovery obligations under Rule 16(b)(1)(c)" and citing the Advisory Committee Notes to the 1993 amendments to Rule 16).

Defendant's failure to provide proper notice for his experts in a timely manner prejudices the government's ability to prepare for trial in that the government is not able to review the information and reports for defendant's proposed expert witnesses and determine the appropriateness of any motions that it would file under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999).  Moreover, the timely notice of any expert testimony by defendant is necessary to provide the Court with adequate time to hear and consider any such motions by the government and thereby properly fulfill its gatekeeping function to determine the admissibility of any expert testimony defendant may seek to introduce.  Again, given that trial is just six weeks away and the government has received no discovery and no notice of any proposed experts, unless trial is continued or the Court precludes defendant from presenting testimony and evidence, the government will be severely prejudiced.  See, e.g., Fed. R. Crim. P. 16(d)(2)(C) (stating that the Court may "grant a continuance" if a party fails to comply with Rule 16); United States v. Hatchett, 987 F. Supp. 2d 529, 536–37 (E.D. Pa. 2013) (ends of justice served by continuance where "only one week before trial" defense counsel "informed the prosecutor that he planned on using an expert[.]").

Defendant's failure to produce reciprocal discovery cannot be justified by lack of time or opportunity to prepare his defense. Defense counsel has represented defendant since the Court approved

5

substituting appointed counsel with retained counsel on January 11, 2019. (Cr. Dkt. 37.)  The government's original indictment, as well as the discovery provided to defendant from the outset of the case, provided defendant with adequate notice regarding the nature of the charges and the government's likely evidence at trial.  In short, the government has continued to comply with its own discovery obligations and has kept defendant properly informed regarding the case to be presented at trial.  Defendant should be expected to do the same, or at least comply with applicable rules of procedure.

To the extent the defendant claims in response that he need not reveal their evidence because he has not yet determined whether he "intends" to use it, see Fed. R. Crim. P. 16(b)(1)(A)(ii), (B)(ii), the government requests that the Court caution defendant about the consequences of strategically withholding material that obviously supports any defense case.  See United States v. Aceves-Rosales, 832 F.2d 1155, 1157 (9th Cir. 1987) ("The public defender made a strategic decision to withhold the document until after the close of the government's case.  He and his client must accept the risk arising from this behavior.").  Indeed, permitting defendant to take such a position would frustrate the goal of allowing an adversary a fair opportunity to prepare its case.

**III. CONCLUSION**

For the reasons discussed above, the government respectfully requests that the Court order defendant to promptly produce to the government all evidence covered by Federal Rules of Criminal Procedure 16(b) immediately.